UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EUROFINS ELECTRICAL AND ELECTRONIC TESTING NA, LLC, <br><br>Plaintiff, <br><br>v. <br><br>SGS NORTH AMERICA INC., et al., <br><br>Defendants. | Case No. 5:24-cv-06340-EJD <br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER** <br><br>Re: Dkt. No. 3 |

On September 9, 2024, Plaintiff Eurofins Electrical and Electronics Testing NA, LLC ("Eurofins") initiated the present action and filed a Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction ("TRO Motion").[1] *See* Compl., ECF No. 1; Mot. for Temp. Restraining Order and Order to Show Cause ("TRO Mot."), ECF No. 3. The Court held a status conference on this matter on September 12, 2024. ECF No. 25. Counsel for Eurofins and Defendant SGS North America Inc. ("SGS") appeared at the September 12, 2024, conference. *Id.* For the reasons discussed at the status conference and explained below, the Court **GRANTS** Eurofins's requests for a TRO, which will expire at **11:59 p.m. on September 26, 2024**, subject to further modification.

I.   **BACKGROUND**

Eurofins alleges the following. Eurofins is a testing company that operates a wireless testing services laboratory in Santa Clara. Compl. ¶ 1. Eurofins alleges that its former employees, Defendants Jose Eleazar Zuniga Juarez ("Juarez") and Duong Duong ("Duong") (collectively,

---

[1] Eurofins also filed a Motion for Expedited Discovery, ECF No. 4, which counsel for Eurofins and SGS indicated at the September 12, 2024, status conference may be resolved through stipulation. The Court therefore defers ruling on the Motion for Expedited Discovery at this time.

Case No.: 5:24-cv-06340-EJD
ORDER GRANTING TEMPORARY RESTRAINING ORDER
1

1  "Individual Defendants"), misappropriated its trade secret information and shared it with
2  Eurofins's competitor, SGS, so that SGS could open its own wireless testing laboratory in Santa
3  Clara. *See id.* Juarez and Duong have since left Eurofins and are currently employed at SGS. *Id.*
4  ¶ 6. Eurofins learned this information when it found Juarez's personal email account still signed
5  into Eurofins's company computer after he quit to work for SGS. *Id.* ¶ 7. In this personal email
6  account, Eurofins found messages sent from Juarez, Duong, and another service provider, Gary
7  Chou ("Chou"), to Juarez's new SGS email account from January 2024 to August 2024. *Id.*
8  Eurofins alleges that these emails contained information relating to Eurofins's test chambers
9  layout, equipment specifications, testing results, pricing information, and other client information.
10 *Id.* ¶¶ 7, 10, 103–17. Eurofins alleges that SGS plans to imminently use Eurofins's trade secrets to
11 open its new wireless testing laboratory in September 2024. *Id.* ¶ 9. Based on these allegations,
12 Eurofins brings claims for trade secret misappropriation, breach of Individuals Defendants'
13 confidentiality agreements, intentional interference with contractual relations, breach of duty of
14 loyalty, conversion, and unfair competition. *See id.*

## II. LEGAL STANDARD

The purpose of a temporary restraining order is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Any temporary restraining order, therefore, is a temporary measure to protect the applicant's rights until a hearing can be held. A temporary restraining order is "not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (citation omitted).

Under Federal Rule of Civil Procedure 65(a), an applicant is entitled to a temporary restraining order upon demonstrating four factors: (1) the applicant "is likely to succeed on the merits"; (2) the applicant "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) the balance of equities favors the requested preliminary relief; and (4) the "injunction is in the

Case No.: 5:24-cv-06340-EJD
ORDER GRANTING TEMPORARY RESTRAINING ORDER
2

1  public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

**III.   DISCUSSION**

The Court finds all four factors met.

First, Eurofins has demonstrated that it is likely to succeed on the merits of at least one claim: trade secret misappropriation.  Trade secret misappropriation generally requires a showing that a defendant acquired trade secrets with reason to know the trade secrets were acquired by improper means.  Cal. Civ. Code § 3426.1; 18 U.S.C. §§ 1836, 1839.  A "trade secret" is information that (1) derives independent economic value from being kept confidential; and (2) is the subject of reasonable efforts to maintain secrecy.  Cal. Civ. Code § 3426.1(d); 18 U.S.C.A. § 1839(6).  Here, Eurofins specifically alleged and attached emails showing that Individual Defendants shared with SGS schematic diagrams for Eurofins's chambers; information regarding Eurofins's equipment; client information, communications, and pricing; a screenshot of Eurofins's software for invoicing and scheduling; and multiple compliance reports.  *See* Compl. ¶¶ 103–17.  The Court finds that this information is likely protectable as trade secrets.  The information may derive independent economic value from remaining confidential from Eurofins's competitors, such as SGS.  Eurofins sought to keep this information confidential through measures including confidentiality agreements, limiting access to the lab, requiring individualized logins to access trade secret data, and password protecting lab computers.  *Id.* ¶ 4.  The Court also finds that this information was acquired by improper means.

Second, Eurofins established that it is likely to suffer irreparable harm in the absence of relief.  These harms include disclosure of confidential information, interference with customer relationships, loss of good will, and injury to reputation.

Third, equitable principles are not offended by the issuance of a TRO that does no more than require Defendants to comply with the law.

Fourth, given the clear showing of immediate irreparable harm and likelihood of success on the trade secret claim, the Court need not engage in an extended analysis of the public's interest.  *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009).  Even so, the Court

finds that the public interest is served by the issuance of the narrow TRO here because, again, the TRO requires no more than is already required by law.

### IV.    CONCLUSION AND TEMPORARY RESTRAINING ORDER

The Court **GRANTS** Eurofins's request for a limited temporary restraining order.  This Order expires at **11:59 p.m. on September 26, 2024**.  The Court will not require a bond at this time.

The Court also **ORDERS** all parties, including Individual Defendants, to appear for a status conference at **1:30 p.m. on September 26, 2024**, at which time the parties may discuss extending the temporary restraining order, modifying the terms of the temporary restraining order, revisiting SGS's request for a bond, and/or setting a hearing and briefing schedule for a Motion for Preliminary Injunction.  Counsel for SGS is **ORDERED** to appear at the status conference with Individual Defendants.  In the event that counsel for SGS does not intend on representing Individual Defendants at that time, Individual Defendants are **ORDERED** to bring counsel or inform the Court of the status of their representation.

### **TEMPORARY RESTRAINING ORDER**

All Defendants, their agents, employees, partners, any others acting in concert or on their behalf or any other individual or entity having actual notice of this Order by personal service or otherwise are **TEMPORARILY RESTRAINED** and **ENJOINED** from the following acts:

1. As it relates to all Defendants and their agents, employees, partners, any others acting in concert or any other individual or entity having actual notice of this Order by personal service or otherwise:
   a. utilizing, disclosing or misusing any trade secrets or confidential information belonging to Eurofins, including, without limitation, Eurofins laboratory and test-chamber schematics, equipment lists and information, invoices, pricing, testing schedules, test reports and results, client and prospect lists, marketing, sales and strategic plans, business research, client purchasing histories, technical processes, non-public internal financial information, and customer

files;

b. transferring to any third party any trade secrets or confidential information belonging to Eurofins including, without limitation, Eurofins laboratory and test-chamber schematics, equipment lists and information, invoices, pricing, testing schedules, test reports and results, client and prospect lists, marketing, sales and strategic plans, business research, client purchasing histories, technical processes, non-public internal financial information, and customer files; and

c. destroying, altering, deleting, or relinquishing control over to any third party, any and all copies and versions (whether hard copy, native, or electronic) of any documents or electronically stored information on any computer, hard drive, or mobile device (including but not limited to emails, text messages, communications over social media and any other electronic, typewritten, handwritten, recorded, or printed matter of any kind) relating to the subject matter of this lawsuit;

2. As it relates to Individual Defendants, their agents, employees, partners, any others acting in concert or any other individual or entity having actual notice of this Order by personal service or otherwise:

a. violating, or participating in the violation of, any of the terms of their respective Confidentiality Agreements, attached as Exhibits 1 and 2 to the Verified Complaint.

**IT IS SO ORDERED.**

Dated: September 12, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-06340-EJD
ORDER GRANTING TEMPORARY RESTRAINING ORDER
5