UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EUROFINS ELECTRICAL AND ELECTRONIC TESTING NA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SGS NORTH AMERICA INC., et al.,<br><br>Defendants. | Case No. 5:24-cv-06340-EJD<br><br>**ORDER GRANTING MOTION TO EXPEDITE DISCOVERY; SETTING PRELIMINARY INJUNCTION HEARING; EXTENDING TRO**<br><br>Re: Dkt. No. 4 |

On October 8, 2024, the Court held a further status conference to discuss the scope of expedited discovery and set a preliminary injunction hearing schedule. For the reasons explained below, the Court: (1) **GRANTS** Eurofins's Motion to Expedite Discovery, ECF No. 4; (2) **SETS** a preliminary injunction hearing at **10:00 a.m. on November 19, 2024**; and (3) **EXTENDS** the existing TRO to expire at **11:59 p.m. on November 19, 2024**.

**I.     EXPEDITED DISCOVERY**

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). Courts in the Ninth Circuit may allow expedited discovery prior to a Rule 26(f) conference upon finding good cause. *See Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012); *see also* Fed. R. Civ. P. 26(d)(1), 33(b)(2), and 34(b). Good cause exists where the moving party shows that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Rovio*, 907 F. Supp. 2d at 1099. Courts generally consider five factors to determine whether good cause exists: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the

1  expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far
2  in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*,
3  673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (internal quotation marks omitted) (quoting
4  *Disability Rts. Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234
5  F.R.D. 4, 6 (D.D.C. 2006)). "The good cause standard may be satisfied where a party seeks a
6  preliminary injunction," although the presence of a preliminary injunction does not on its own
7  create good cause. *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419
8  (D. Colo. 2003) (collecting cases).

Here, having considered all papers filed[1] in connection with the Motion to Expedite Discovery and hearing argument from counsel on multiple occasions, the Court finds good cause to order expedited discovery. As discussed in greater detail below, a preliminary injunction is now pending, and the Court has limited the scope of discovery requests so that they are narrowly tailored to the subject matter at issue in the preliminary injunction hearing. Not only will limited expedited discovery aid the Court in determining whether a preliminary injunction is appropriate here, but it will also be particularly useful clarify for the parties whether there was, in fact, a misappropriation of trade secrets—i.e., whether Defendant SGS North America Inc. ("SGS") is using any of the materials identified in the Complaint, ECF No. 1, to open its new Milpitas laboratory; or whether Defendants Jose Eleazar Zuniga Juarez ("Zuniga") and Duong Duong ("Duong") used or shared Eurofins's trade secrets in their new roles at SGS. And while Defendants have not specifically identified any burdens that expedited discovery would cause here, the Court finds any conceivable burden outweighed by the importance of expedited discovery.

Therefore, for these reasons and all other reasons stated on the record, the Court **GRANTS** Eurofins's Motion to Expedite Discovery.[2]

---

[1] Filings considered include: Mot. to Expedite Disc., ECF No. 4; Opp'n to Mot. to Expedite Disc., ECF No. 36; Joinders to Opp'n to Mot. to Expedite Disc., ECF Nos. 40, 41, 42; Reply in Supp. of Mot. to Expedite Disc., ECF No. 43; Suppl. Opp'n to Mot. for TRO, ECF No. 56; Response to Suppl. Opp'n, ECF No. 57; Status Report, ECF No. 58.

[2] The expedited discovery order applies to all Defendants, including Defendant Duong. The Court

Case No.: 5:24-cv-06340-EJD
ORDER GRANTING MOT. TO EXPEDITE DISC.; SETTING PI HEARING; EXTENDING TRO
2

Pursuant to the parties' agreements, *see* Status Report, ECF No. 58, and modifications discussed during the October 8, 2024, status conference, the Court permits Eurofins to serve the following document requests:

- All communications between Duong and Zuniga that were made between December 29, 2023, and May 31, 2024, excluding solely personal emails.[3]

- All communications between Gary Chou ("Chou") and Zuniga that were made between December 29, 2023, and September 1, 2024, excluding solely personal emails.

- Identification of customers from the 17 customers named in Eurofins's pleadings with whom SGS has entered into an agreement(s) to provide wireless testing services at its Milpitas laboratory/facility.

- All communications Zuniga sent from his personal email address to his SGS email address, or from his personal email address, his SGS email address or by text message, to anyone else at SGS (including but not limited to Fred Yang, Eddie Parsons and/or Jay Suh), between December 29, 2023, and September 1, 2024, forwarding and/or containing any information he had received from Chou, Duong, or anyone else at Eurofins.

The Court also permits Defendants to serve the following document requests:

- All internal documents and communications concerning Zuniga after Zuniga left Eurofins's employ from the following custodians: Alberto Saldivar, Otoniel Velazquez, Cathy Palacios, Nathaneal (Nate) Park, Gary Chou, and David

---

finds that Duong failed to show how Duong's arbitration clause mandates that he be relieved of expedited discovery obligations. *See* Suppl. Opp'n to Appl. for TRO and PI, at 4–5, ECF No. 56 (arguing only that the streamlined discovery process is one of the primary benefits of arbitration).

[3] Eurofins raised concerns that some of this information may be subject to various customers' non-disclosure agreements. *See* Status Report. As discussed in the October 8, 2024, status conference, the Protective Order, ECF No. 51, should be sufficient to protect any confidential information, but in the event that Eurofins seeks to keep confidential specific items subject to specific non-disclosure agreements, the Court directs the parties to meet and confer and seek resolution of any dispute with the Court as necessary.

Case No.: 5:24-cv-06340-EJD
ORDER GRANTING MOT. TO EXPEDITE DISC.; SETTING PI HEARING; EXTENDING TRO

3

Trevayne-Smith.

- All internal documents and communications concerning Eddie Parsons ("Parsons") after Parsons left Eurofins's employ from the following custodians: Alberto Saldivar, Otoniel Velazquez, Cathy Palacios, Nathaneal (Nate) Park, Gary Chou, and David Trevayne-Smith.

- All documents and communications between Eurofins and Zuniga after Zuniga left Eurofins's employ.

- All documents and communications between Eurofins and Parsons after Parsons left Eurofins's employ.

The parties will continue to meet and confer regarding narrowing the following discovery requests[4]:

- Documents and communications relating to the specifications for the OTA test chambers at Defendant SGS North America Inc.'s ("SGS") Milpitas wireless testing laboratory/facility.

- All communications with any vendor or third party, including the one client referred to in the Trevayne-Smith Declaration (ECF No. 3-4, ¶ ¶ 9, 27), and any other clients, concerning the design, specification, and/or build of Eurofins's Santa Clara OTA and EMC chambers.

- All communications between Eurofins and any customers identified in Eurofins's unredacted documents that concern the Santa Clara lab personnel's experience and expertise from December 29, 2023, to September 9, 2024.

- Identification of all current Eurofins Santa Clara clients and contact information, including but not limited to the information for the one client referred to in the Trevayne-Smith declaration (ECF No. 3-4, ¶¶ 9, 27).

---

[4] The Court emphasizes the importance of discovery related to the specifications at Eurofins's and SGS's chambers so the parties can compare the two and determine whether SGS's laboratory is using any of Eurofins's specifications; but as written, the Court finds these requests too broad. The Court directs the parties to narrow these requests with the understanding that the attorneys' eyes only designations in the Protective Order, ECF No. 51, should satisfy any concerns regarding the parties from SGS or Eurofins viewing or sharing this information produced.

Case No.: 5:24-cv-06340-EJD
ORDER GRANTING MOT. TO EXPEDITE DISC.; SETTING PI HEARING; EXTENDING TRO
4

- All communications between Zuniga and Duong during their employment at Eurofins concerning the companies identified in Exhibit 10 of the Complaint.

The parties will continue to meet and confer regarding the appropriate amount of hours to allot for initial depositions and the scope of a second round of discovery, if necessary. Should additional issues arise, the parties may seek the Court's assistance at the next scheduled status conference.

The Court enters the following expedited discovery schedule pursuant to the parties' stipulation:

| Event | Deadline |
| --- | --- |
| Document Requests Finalized | October 8, 2024 |
| Document Production | October 14, 2024 |
| Depositions | October 17–23, 2024 |
| Meet and Confer on Further Discovery | October 28, 2024 |
| Status Conference | October 24, 2024, at 1:30 p.m. |
| Joint Status Report[5] | October 19, 2024, at 4:00 p.m. |

## II. PRELIMINARY INJUNCTION HEARING

The Court **SETS** a preliminary injunction hearing at **10:00 a.m. on November 19, 2024.** This will not be an evidentiary hearing. The parties are ordered to submit a proposed briefing schedule ahead of the preliminary injunction hearing to address any new information uncovered from expedited discovery, with all briefing to be concluded at the latest by 4:00 p.m. on November 12, 2024.

## III. EXTENDING TRO

The Court **EXTENDS** the TRO pending expedited discovery and the preliminary injunction hearing. The Court finds good cause to extend all terms of the TRO. The TRO

---

[5] The parties shall indicate in their Joint Status Report whether it is necessary to keep the October 24, 2024, status conference on calendar.

Case No.: 5:24-cv-06340-EJD
ORDER GRANTING MOT. TO EXPEDITE DISC.; SETTING PI HEARING; EXTENDING TRO

5

narrowly requires that the parties adhere to the law and their contractual obligations, and it remains necessary to maintain the status quo while the parties engage in expedited discovery.

The TRO will still apply to all Defendants, including Defendant Duong. While Duong contests the TRO terms originally requested by Eurofins, the operative TRO excludes many of Eurofins's original requests, and counsel for Duong represented at the October 8, 2024, status conference that Duong does not contest the terms of the TRO as written pending arbitration. *See also* Suppl. Opp'n to Appl. for TRO and PI, at 4–5, ECF No. 56 (raising no arguments regarding the operative TRO). Therefore, the Court finds no reason to modify the TRO or disrupt its prior finding as to Duong at this time. Duong also requested in his supplemental arguments that the Court compel arbitration and dismiss Duong from the case, *id.*, at 8; however, Duong has yet to file proper motions seeking this relief, therefore the Court will not enter any additional orders as to Duong at this time.

The TRO will also still apply to the information Eurofins identified as trade secret in its Complaint, including Exhibits 1 and 2 of the Complaint. SGS argues that this information is publicly available and therefore not trade secret. *See* Status Report, at 4. While the parties will ultimately need to litigate whether this information is, in fact, trade secret, the Court finds that the newly unredacted documents do not disturb the Court's prior finding that Eurofins has met its burden to show likelihood of success on the merits at this time. The parties may raise additional arguments relevant to this dispute based on any new evidence uncovered in expedited discovery at the preliminary injunction hearing.

The TRO as outlined in ECF No. 26 will now expire at **11:59 p.m. on November 19, 2024.**

**IT IS SO ORDERED.**

Dated: October 8, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-06340-EJD
ORDER GRANTING MOT. TO EXPEDITE DISC.; SETTING PI HEARING; EXTENDING TRO
6